IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **RICHARD TAYLOR,** *et al.*, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) CIVIL ACTION 07-0185-WS-C |
| | ) |
| **SANIBEL DEVELOPMENT, LLC,** | ) |
| | ) |
| Defendant. | ) |

**ORDER**

This matter comes before the Court on defendant's Motion to Dismiss or, in the Alternative, Motion for Summary Judgment (doc. 5), and on plaintiffs' Motion for Extension of Time for Response to Defendant's Motion to Dismiss, etc. and Motion for Entry of Scheduling Order (doc. 7).

**I.     Background.**

On March 9, 2007, plaintiffs, Richard Taylor and Steven A. Martino, filed their Complaint (doc. 1) in this District Court against defendant, Sanibel Development, LLC, alleging a single cause of action under the Interstate Land Sales Full Disclosure Act, 15 U.S.C. §§ 1701 *et seq.* ("ILSFDA" or the "Act"). According to the well-pleaded allegations of the Complaint, on March 8, 2005 plaintiffs entered into purchase and escrow agreements with Sanibel relating to plaintiffs' contemplated purchase of Unit 1106 of a 108-unit condominium project that Sanibel is developing in Gulf Shores, Alabama. Plaintiffs maintain that the purchase agreement did not obligate Sanibel to complete construction of the project within two years after execution of the agreement and that Sanibel failed to comply with the reporting requirements of the ILSFDA by failing to furnish plaintiffs with a printed property report before execution of the purchase agreement. (Complaint, ¶¶ 7-11.) The Complaint further alleges that plaintiffs gave written notice to Sanibel on March 7, 2007 (two days prior to the filing of the Complaint) that they were revoking the purchase agreement as a result of Sanibel's failure to provide the required property report. (*Id.*, ¶ 12.) Plaintiffs complain that Sanibel did not honor such notice

of revocation, but instead immediately made arrangements to draw on plaintiffs' letter of credit, pursuant to which Sanibel, by and through its agent, received payment of $105,800 that plaintiffs contend rightfully belongs to them. (*Id.*, ¶ 13.)

Based on these allegations, Taylor and Martino now bring a claim against Sanibel pursuant to the ILSFDA, seeking a ruling that plaintiffs were entitled to revoke the purchase agreement, that their notice of revocation was effective, that plaintiffs are entitled to recover the $105,800 in funds drawn on their letter of credit, and that plaintiffs are entitled to recover their costs and attorney's fees incurred in prosecuting this action.

On April 3, 2007, Sanibel filed a Motion to Dismiss or, in the Alternative, Motion for Summary Judgment (doc. 5). In particular, Sanibel contends that this action must be dismissed pursuant to Rule 12(b)(1), Fed.R.Civ.P., for lack of subject matter jurisdiction because the ILSFDA cannot confer jurisdiction over plaintiffs' claims. Alternatively, Sanibel maintains that it is entitled to summary judgment on the ILSFDA cause of action based on certain averments in the Affidavit of Samuel G. McKerall which, if accepted as true, would establish that the Act does not apply. Rather than submitting a direct response to the Motion, plaintiffs instead petitioned the Court for an indefinite extension pending initial disclosures and discovery to allow them to explore the veracity of the McKerall Affidavit. Both the defendant's Motion to Dismiss or for Summary Judgment and the Plaintiffs' Motion for Extension are now before the Court.

**II.     Analysis.**

    *A.     Defendant's Motion to Dismiss for Lack of Jurisdiction.*

In considering the various legal questions raised by the parties' submissions, priority must be given to Sanibel's challenge to the jurisdiction of this Court. After all, "[a] federal court not only has the power but also the obligation at any time to inquire into jurisdiction whenever the possibility that jurisdiction does not exist arises." *Fitzgerald v. Seaboard Sys. R.R., Inc.*, 760 F.2d 1249, 1251 (11th Cir. 1985). If, as Sanibel maintains, federal subject matter jurisdiction is lacking, then this Court is powerless to proceed further and must immediately dismiss the Complaint without reaching any of the other questions presented by the parties in their respective Motions. *See, e.g., Morrison v. Allstate Indem. Co.*, 228 F.3d 1255, 1261 (11th Cir. 2000) (when subject matter jurisdiction is deemed lacking, "the court's sole remaining act is to dismiss the case for lack of jurisdiction"); *University of South Alabama v. American Tobacco Co.*, 168 F.3d

405, 410 (11th Cir. 1999) ("once a federal court determines that it is without subject matter jurisdiction, the court is powerless to continue"). Accordingly, the jurisdictional issue must be addressed first.[1]

As grounds for its jurisdictional challenge, Sanibel asserts that the Act does not apply to the purchase agreement at issue because this transaction falls within a statutory exemption which excludes from the ILSFDA's registration and disclosure requirements "the sale or lease of lots in a subdivision containing fewer than one hundred lots which are not exempt under subsection (a) of this section." 15 U.S.C. § 1701(b)(1). According to Sanibel, even though the condominium development in question consists of 108 units, at least nine of those units are excluded from the Act's ambit by an exemption for "the sale or lease of land under a contract obligating the seller or lessor to erect [a residential, commercial, condominium, or industrial building] thereon within a period of two years," 15 U.S.C. § 1702(a)(2), and by an exemption excluding "the sale or lease of lots to any person who acquires such lots for the purpose of engaging in the business of constructing residential, commercial, or industrial buildings or for the purpose of resale or lease of such lots to persons engaged in such business." 15 U.S.C. § 1702(a)(7). Because there are fewer than 100 nonexempt units at the Sanibel development, defendant argues, the ILSFDA does not apply to the transaction at issue and cannot be utilized by plaintiffs to revoke the March 2005 purchase agreement.

As evidence that the threshold of 100 nonexempt units is not satisfied here, Sanibel offers the affidavit of its general counsel, Samuel G. McKerall, who avers that the Sanibel development includes 108 units, at least nine of which "were sold under contracts obligating Sanibel to erect a condominium building within a period of two years." (McKerall Aff., ¶ 4.) The McKerall Affidavit also includes an averment that at least nine units at that development were never made available to the public but were instead sold to persons engaged in bona fide land sales

---

[1] To the extent that plaintiffs seek to have consideration of defendant's Rule 12(b)(1) motion deferred until after the completion of discovery, such a delay would be inappropriate, given that defendant's objection goes directly to the power of this Court to hear this dispute. Subject matter jurisdiction has been challenged now. Under the *Morrison* and *University of South Alabama* line of authorities, it would be improper for this Court to disregard that threshold legal issue and subject the parties to further proceedings in federal court before taking up the merits of the jurisdictional challenge.

businesses, rendering those units exempt under § 1702(a)(7).  (*Id.* at ¶ 5.)  In reliance on the McKerall Affidavit, Sanibel argues that the Act is "inapposite to the parties' dispute and incapable of vesting this court with jurisdiction."  (Defendant's Motion (doc. 5), at 1-2.)

The fundamental defect with Sanibel's position is that it improperly conflates the threshold question of subject matter jurisdiction with the secondary question of whether plaintiffs' asserted federal cause of action has merit.  "Ordinarily, the test of federal jurisdiction is not whether the cause of action is one on which the claimant can recover.  Rather, the test is whether the cause of action alleged is so patently without merit as to justify the court's dismissal for want of jurisdiction."  *S.E.C. v. Mutual Benefits Corp.*, 408 F.3d 737, 741 (11th Cir. 2005) (citations omitted); *see also United States ex rel. Atkins v. McInteer*, 470 F.3d 1350, 1356-57 (11th Cir. 2006) (federal question jurisdiction is not defeated by possibility that plaintiffs might not prevail on federal claim on the merits).  Simply stated, Sanibel's contention that plaintiffs' ILSFDA claim is unfounded goes to the merits of such claim, and not the jurisdiction of this Court to hear it.[2]

In a case such as this, where the federal claim is not insubstantial and frivolous, and where the jurisdictional challenge is also a challenge to the existence of a federal cause of action, the proper course of action "is to find that jurisdiction exists and deal with the objection as a direct attack on the merits of the plaintiff's case."  *Mutual Benefits*, 408 F.3d at 742 (citations omitted).  The Court will adhere to this approach; therefore, defendant's Motion to Dismiss for want of subject matter jurisdiction, pursuant to Rule 12(b)(1), Fed.R.Civ.P., is **denied**.

---

[2] To be sure, the inclusion of a federal question in a complaint does not always automatically give rise to federal jurisdiction.  Indeed, if a federal claim is so insubstantial as to be frivolous, federal question jurisdiction may not lie.  *See, e.g., Household Bank v. JFS Group*, 320 F.3d 1249, 1254 (11th Cir. 2003) ("The dismissal of a federal-question claim for lack of subject-matter jurisdiction is justified only if that claim were so attenuated and unsubstantial as to be absolutely devoid of merit, or frivolous.") (citations omitted); *Southpark Square Ltd. v. City of Jackson, Miss.*, 565 F.2d 338, 341-42 (5th Cir. 1977) (federal claim "must be more than frivolous to support federal question jurisdiction" and can satisfy this threshold only if "there is any foundation of plausibility to the claim").  Whatever its ultimate merits may or may not be, plaintiffs' ILSFDA cause of action is clearly not frivolous; therefore, this limitation to 28 U.S.C. § 1331 jurisdiction is inapplicable.

### B.     *Defendant's Motion for Summary Judgment.*

In the alternative to its request for dismissal under Rule 12(b)(1), Sanibel seeks entry of summary judgment in its favor, based again on its contention that the McKerall Affidavit demonstrates that plaintiffs cannot prevail on their ILSFDA cause of action, as a matter of law.

By seeking summary judgment at this nascent phase of the case, Sanibel has jumped the gun. The Eleventh Circuit has opined that "[a]s a general rule summary judgment should not be granted until the party opposing the motion has had an adequate opportunity to conduct discovery." *Reflectone, Inc. v. Farrand Optical Co.*, 862 F.2d 841, 843 (11th Cir. 1989); *see also Jones v. City of Columbus, Ga.*, 120 F.3d 248, 253 (11th Cir. 1997) ("The law in this circuit is clear: the party opposing a motion for summary judgment should be permitted an adequate opportunity to complete discovery prior to consideration of the motion."); *Snook v. Trust Co. of Georgia Bank of Savannah, N.A.*, 859 F.2d 865, 870 (11th Cir. 1988) ("The party opposing a motion for summary judgment has a right to challenge the affidavits and other factual materials submitted in support of the motion by conducting sufficient discovery so as to enable him to determine whether he can furnish opposing affidavits.").[3]

Here, Taylor and Martino have had no opportunity to test, challenge or investigate the factual averments of the McKerall Affidavit via the discovery process, inasmuch as the parties have not yet conducted their Rule 26(f) meeting and the Local Rules of this District Court generally forbid the commencement of discovery antecedent to such a meeting. *See* LR 26.1(c). Moreover, the facts on which defendant's Rule 56 request is based lie outside the pleadings and are likely in defendant's sole possession, such that plaintiffs have never had a reasonable

---

[3]     That said, of course, the Court recognizes that there is no blanket prohibition on the granting of summary judgment prior to discovery. *See, e.g., Cordoba v. Dillard's, Inc.*, 419 F.3d 1169, 1188 (11th Cir. 2005) (stating expectation that district courts will be open to summary judgment motions filed at early stage of litigation if moving party clearly apprises court that prompt decision will likely avoid significant unnecessary discovery); *Walsh v. Heilmann*, 472 F.3d 504, 505 (7th Cir. 2006) ("Summary judgment need not await discovery when the material facts are undisputed."). Nonetheless, there are no facts or arguments here suggesting that consideration of Sanibel's motion for summary judgment at this early stage will save the parties unnecessary discovery; to the contrary, the factual predicate of Sanibel's motion merely underscores the compelling need for discovery to enable plaintiffs to explore the veracity of those factual allegations.

opportunity to explore or controvert them.  In light of these circumstances, and the Eleventh Circuit's admonition against granting summary judgment motions before the nonmovant has had an adequate opportunity to conduct discovery, entry of summary judgment in Sanibel's favor would be manifestly inappropriate at this time.

### III.   Conclusion.

For all of the foregoing reasons, it hereby **ordered** as follows:

1. Defendant's Motion to Dismiss or, in the Alternative, Motion for Summary Judgment (doc. 5) is **denied**; provided, however, that defendant is granted leave to renew its request for summary judgment at the close of discovery.

2. Plaintiffs' Motion for Extension of Time for Response to Defendant's Motion to Dismiss, Etc. and Motion for Entry of Scheduling Order (doc. 7) is **moot**. Defendant's Rule 12(b)(1) request having been denied as legally unfounded, and its Rule 56 request having been denied as premature, plaintiffs no longer have any need for an extension of time to respond to said motion.  Likewise, the Motion for Entry of Scheduling Order is **moot** because, in accordance with longstanding practice in this District Court, such a scheduling order will be entered by Magistrate Judge Cassady as a matter of course after defendant files its answer in these proceedings.

3. Sanibel is **ordered** to file its answer pursuant to Rule 12, Fed.R.Civ.P., on or before **May 14, 2007**.

DONE and ORDERED this 4th day of May, 2007.

s/ WILLIAM H. STEELE  
UNITED STATES DISTRICT JUDGE